Alexander MacLellan
vs.                  No. 4225.
Robert Goelet

May 17, 1930.

FROST, J.  Heard on defendant's motion for new trial after verdict for plaintiff in sum of $869.40.

This is an action brought to recover the sale price of 28 sheared privet trees sold by the plaintiff to the defendant, which were planted by the plaintiff on defendant's estate, Ochre Court, in Newport. Defendant claimed the trees to be not according to sample and to have been set out without being properly graded from the house toward the water.

The uncontradicted evidence is that Mr. Goelet agreed to purchase from Mr. MacLellan 28 trees at a price of $30 a tree; that 26 of them were to be substantially like two sample trees that were set out on Mr. Goelet's estate and of which he approved, and that Mr. MacLellan was to set them out, which he did. There was some dispute in the testimony as to whether plaintiff or defendant's gardener, Mr. Sullivan, selected the trees and also whether it was the duty of the plaintiff or Mr. Sullivan to see that they were properly graded as they were planted.

Inasmuch as it was necessary that the 26 trees be according to sample, it appears improbable that plaintiff would allow anyone but himself to select them. It also appears that an essential part of the contract was that the trees be properly graded in order to give the effect that Mr. Goelet desired. That being so, it seems to the Court that it was the duty of the plaintiff to grade the trees as he set them out.

Mr. Goelet testified that in his opinion 6 or 7 trees were smaller than the sample trees and Mr. MacLellan admitted in cross-examination that 2 were "short."

Mr. Oscar Schultz, a florist and landscape gardener of long experience, testified in behalf of the defendant. He said that the trees ranged from 6½ to 9½ and 10 feet high and that they were not graded properly; also that they could be put on a line and graded; that they were "very irregular now." He also testified in cross-examination that the "trees could be graded by re-arrangement of them."

The Court thinks the weight of the evidence is to the effect that the trees with the exception of two were substantially like the samples, but that they were not properly graded when planted.

The trees at the time of the trial were still standing where planted and it does not appear that any were returned or that there was an offer to return them. Nor was there any evidence from which the jury could determine the cost of replanting and re-shearing the trees.

The Court thinks that the verdict of the jury is in accord with the weight of the evidence and that it does substantial justice between the parties except as to the value of 2 trees admittedly under-size. The Court therefore denies the motion for a new trial if within five days the plaintiff remit all of the verdict in excess of $807.30. If such remittitur be not filed, a new trial is granted.

F. F. Nolan—Attorney for plaintiff.
Sheffield & Harvey—Attorney for defendant.